

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

– against –

NEKEBWE SUPERVILLE,

Defendant.

13-CR-302

Statement of Reasons for Sentencing
Pursuant to 18 U.S.C. § 3553(c)(2)

**JACK B. WEINSTEIN, Senior United States District Judge:**

I. Introduction

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the Sentencing Guidelines referred to in Section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from the Guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." *Id.* Even though the mandatory nature of the Guidelines has been excised and they are now "advisory," *see United States v. Booker*, 543 U.S. 220, 245–46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the Guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006), *abrogated in part on other grounds by Kimbrough v. United States*, 552 U.S. 85 (2007)). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Cavera*, 550 F.3d

1

180, 193 (2d Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (internal quotations and alterations omitted).

In view of the excessive incarceration rates in the recent past and their unnecessary, deleterious effects on individuals sentenced, society and our economy, parsimony in incarceration is to be prized. *See, e.g.*, 18 U.S.C. § 3553 (a) ("The court shall impose a sentence sufficient, but not greater than necessary"); National Research Council of the National Academies, *The Growth of Incarceration in the United States, Exploring Causes and Consequences*, 8 (2014) ("*Parsimony*: the period of confinement should be sufficient but not greater than necessary to achieve the goals of sentencing policy.").

## II. Facts

On February 18, 2014, the defendant pled guilty to one count for conspiring to distribute with intent to distribute 1,000 kilograms or more of marijuana, in violation of 21 U.S.C. § 846 and § 841 (b)(1)(A)(vii), and one count for conspiring to the transfer and delivery of United States currency involving the proceeds of narcotics trafficking, in violation of 21 U.S.C. § 846 and § 841 (a)(1), knowing that the property involved in the transactions represented the proceeds of some form of unlawful activity, and knowing that the transactions were designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of the specified unlawful activity, all in violation of 18 U.S.C. § 1956(h) and 1956(a)(1)(B)(i).

On October 8, 2014, Mr. Superville was sentenced. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere, as well as the factors and considerations that a district court must evaluate in imposing a sentence in accordance with 18

U.S.C. § 3553(a). *See In re Sentencing*, 219 F.R.D. 262, 264–65 (E.D.N.Y. 2004) (describing the value of video recording for the review of sentences on appeal).

**III. Offense Level and Category**

Counts 1 and 2 are grouped for the purposes of guideline calculation. U.S.S.G. § 3D1.2(c).

The total offense level is 31. The criminal history is category I. The guideline imprisonment range is 108 to 135 months. There is no required statutory minimum because meets factors laid out in U.S.S.G. § 5C1.2(a); 18 U.S.C. § 3553(f).

No statutory minimum for supervised release is required because defendant meets mitigating factors laid out in 18 U.S.C. § 3553(f).

**IV. Context**

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." *See id.* § 3553(a)(1).

Mr. Superville is a 31-year old permanent resident of the United States, who is a citizen of Trinidad and Tobago. His father died before he turned one. He was raised by his mother, a working professional, in a middle class family. Mr. Superville has completed some coursework toward a college degree and runs a media sales business. He is involved in a long term relationship which produced two children, with whom he resides. Since his arrest, Mr. Superville has engaged in philanthropic work.

The defendant is a good person who made a terrible choice. He cooperated fully with the government, at risk to his self.

Under Section 3553(a)(2)(B) of Title 18, a sentencing court must consider two major factors: general and specific deterrence. General and specific deterrence are achieved by the

3

sentence imposed. He will have to live with the consequences of a felony conviction. The prospect of deportation was also considered in sentencing. *See United States v. Chin Chong*, No. 13-CR-570, 2014 WL 4773978, at *13 (E.D.N.Y. Sept. 24, 2014).

## V.     Sentence

In light of defendant's otherwise clean record and the fact that he cooperated fully with the government, defendant was sentenced to three years probation, under conditions specified orally at sentencing. A $100 special assessment was imposed for each of the two counts. The $200 assessment is payable forthwith. No fine was levied because Mr. Superville does not possess substantial assets.

In so ruling, respectful consideration was given to the Sentencing Guidelines, the Sentencing Commission's policy statements, and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing.

SO ORDERED.

_____
Jack B. Weinstein
Senior United States District Judge

Dated: November 7, 2014
       Brooklyn, New York